UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY TORRUELLA BEY
a/k/a JEREMY JACOB TORRUELLA,

                Plaintiff,

v.                                          Case No. 17-cv-1470-pp

OFFICER L. OLSEN,
WEST ALLIS POLICE DEPARTMENT,
and N&S TOWING INC.,

                Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), AND REQUIRING THE PLAINTIFF TO PAY THE FILING FEE OR FILE AN AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE BY JUNE 15, 2018**

---

On October 26, 2017, the plaintiff, who is representing himself, filed a complaint against Officer Olsen, the West Allis Police Department and N&S Towing, Inc., regarding events that occurred at a BP gas station when the plaintiff pulled over to "grab some snacks and pay for gas."[1] Dkt. No. 1 at 5. The plaintiff also filed a motion asking the court to allow him proceed without prepayment of the filing fee. Dkt. No. 2. Separately, the plaintiff filed a twenty-page "affidavit of fact" with seventy-seven pages of attachments, dkt. no. 4, and

---

[1] The plaintiff does not allege when the events occurred, but the attachments to the complaint include three citations for resisting an officer, obstructing and driving without a license on July 14, 2017. Dkt. Nos. 1-3, 1-4, 1-5.

1

a "legal notice of removal" with an additional nineteen pages of materials, dkt. no. 6.

## I. Motion to Proceed Without Prepayment of Fees (Dkt. No. 2)

A court may allow a plaintiff to proceed with a case without prepaying fees if the court finds that: (1) the plaintiff is unable to pay the filing fee; and (2) the case is not frivolous or malicious, does not fail to state a claim on which relief may be granted and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2). The law requires the person asking to proceed without prepaying the filing fee to file "an affidavit that includes a statement of all assets" that the person possesses.

The court cannot determine from the plaintiff's application whether he is unable to pay the filing fee. In the "Income" section of his application, the plaintiff put "0" in the space for his total monthly wages, and put "None" for the name of his employer. Dkt. No. 2 at 2. He left blank all of the questions about rent or mortgage payments, car payments, child support, credit card payments and household expenses. Dkt. No. 2 at 2-4.

The complaint indicates that the plaintiff's "mailing location" is 3409 Wollmer Road, Apt. 202, West Allis, Milwaukee, Wisconsin Republic. Dkt. No. 1 at 8. He does not call this his residence, but the plaintiff has to live somewhere, and either he's paying to live there, or someone is allowing him to live there without requiring him to pay. The plaintiff's "Statement of Truth," describes him getting out of *his* car, and stopping to buy gas and snacks. Dkt. No. 1 at 5. At some point, then, he had a car. He alleges that the officers took "all of [his]

2

belongings," and broke his phone, and took his *house keys*. Id. Similarly, in his November 22, 2017 filing, captioned "The Moorish National Republic, Moorish Divine and National Movement" in the "United States Supreme Court for Wisconsin Republic," the plaintiff alleges that officers took his keys and had his car towed on other occasions. Dkt. No. 4 at 10.

The plaintiff cannot file what is essentially an uncompleted application to proceed without paying the filing fee, refusing to tell the court the truth about his financial situation, and then ask the court to let him proceed without paying the filing fee. The plaintiff has two options: either he can pay the $400 filing fee, or he can file an amended motion for leave to proceed without prepayment of fees, one that answers—completely and truthfully—all of the questions on the application. If the plaintiff chooses the second option, and files an amended application to proceed without paying the filing fee, he should pay particular attention to the signature paragraph on page 4, which requires him to declare under penalty of perjury that all of the information in the application is true and correct.

The court will give the plaintiff a deadline for either paying the filing fee or filing the amended motion. If the plaintiff does not take one or the other of those actions by the deadline the court sets, the court will dismiss the case on the next business day without further notice of hearing.

## II. Other Issues

The court understands that the plaintiff is representing himself. But even a person who is representing himself must follow the Federal Rules of Civil

Procedure, and the local rules of the court. The plaintiff's complaint contains five, single-spaced pages. Dkt. No. 1. The facts that support his claims are all contained on page 3 of his "Statement of Truth." He also attached fourteen pages of exhibits to the complaint. Dkt. No. 1-1 through 1-8. Once a plaintiff has paid the filing fee (or the court has allowed him to proceed without prepaying it), the court reviews the *complaint.* If the complaint states a claim for which a federal court can grant relief, the court orders the *complaint* served on the defendants. It is the *complaint* that tells the defendants what the plaintiff believes that they did to violate the law or his rights. The plaintiff must prove the allegations of the *complaint* if the case goes to trial.

If the plaintiff timely pays the filing fee, or files an amended (and complete and truthful) application to proceed without paying the filing fee, he should be aware that the court will not consider in screening his case the information in the November 22, 2017 "Affidavit of Fact" and the November 30, 2017 "Legal Notice of Removal." Dkt. Nos. 4 and 6. The complaint is the "operative" pleading, and the pleading that governs the litigation.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. If the plaintiff wishes to proceed with the case, the court **ORDERS** that, in time for the court to receive it by the end of the day on **Friday, June 15, 2018**, the plaintiff either shall pay the $400 filing fee or shall file an amended motion for leave to proceed without prepayment of the filing fee. If the court does not receive either

the $400 filing fee or an amended motion to proceed without paying the filing fee by the end of the day on June 15, 2018, the court will dismiss the case for failure to diligently prosecute. Civ. L.R. 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 14th day of May, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**